UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HUBBARD BELL JR., IV,<br>  aka "Hubbard Bell,"<br>  aka "Hubb,"<br>KAMILLE JEMISON,<br>  aka "Camille Jemison," and<br>ALPHONSO LLOYD,<br><br>    Defendants. | CR No. CR 18-00529-JAK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1028(f): Conspiracy to Possess, Use, and Transfer a Means of Identification; 18 U.S.C. § 1028(a)(7): Unlawful Possession, Use, and Transfer of Means of Identification; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

A.  INTRODUCTORY ALLEGATIONS

Unless otherwise stated, at all times relevant to this Indictment:

Defendants BELL, JEMISON, and LLOYD

1. Defendant HUBBARD BELL JR., IV, also known as ("aka") "Hubbard Bell," aka "Hubb" ("defendant BELL"), was a resident of Houston, Texas. From on or about June 25, 2015 to on or about

October 12, 2015, defendant BELL was an employee of Mesa Airlines ("Mesa"). In connection with his employment, defendant BELL was provided a unique employee identification number.

2. Defendant KAMILLE JEMISON, aka "Camille Jemison" ("defendant JEMISON"), was a resident of Houston, Texas.

3. Defendant ALPHONSO LLOYD ("defendant LLOYD") was a resident of Houston, Texas.

4. Co-conspirator D.H. was a resident of Los Angeles, California.

Referenced Airports

5. Los Angeles International Airport ("LAX") was an airport located in Los Angeles, California, in Los Angeles County, within the Central District of California.

6. Houston International Airport ("IAH") was an airport located in Houston, Texas.

7. Atlanta International Airport ("ATL") was an airport located in Atlanta, Georgia.

8. Newark International Airport ("EWH") was an airport located in Newark, New Jersey.

9. LaGuardia International Airport ("LGA") was an airport located in Queens, New York.

10. Minneapolis-St. Paul International Airport ("MSP") was an airport located in Minneapolis, Minnesota.

11. Las Vegas International Airport ("LAS") was an airport located in Las Vegas, Nevada.

12. Baltimore International Airport ("BWI") was an airport located in Baltimore, Maryland.

13. Augusto Sandino International Airport ("MGA") was an airport located in Managua, Nicaragua.

14. Ft. Lauderdale International Airport ("FLL") was an airport located in Ft. Lauderdale, Florida.

Non-Revenue Travel

15. A non-revenue ticket was a ticket for a seat on a flight that an airline provided to a passenger at no cost to the passenger and for no revenue to the airline. Mesa provided access to non-revenue tickets as a benefit to its employees. Mesa employees and their designated beneficiaries were permitted to use this benefit only while employed by Mesa. The benefit was not transferrable.

16. Mesa maintained reciprocal agreements with other airlines, including Spirit Airlines ("Spirit"), which permitted Mesa employees to travel on the other airlines' flights on a non-revenue basis.

17. To book a non-revenue ticket for a Spirit flight, a Mesa employee used a web portal maintained by Spirit (the "Spirit Web Portal"). The Spirit Web Portal required that personal identifying information of the Mesa employee, including the employee's unique Mesa identification number and the employee's date of hire, as well as a unique verification code, be entered to book a non-revenue ticket.

18. When a Mesa employee flew on a non-revenue ticket, the employee would fly on stand-by status. Mesa employees were frequently required to show their Mesa employee identification card at the airport to secure their non-revenue seat. The Mesa employee identification card showed, among other things, a photograph of the employee, the employee's unique Mesa identification number, and the employee's date of hire.

B.  OBJECT OF THE CONSPIRACY

19. Beginning on a date unknown but at least as early as February 2016, and continuing until a date unknown but at least as late as in or about November 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants BELL, JEMISON, and LLOYD, together with co-conspirator D.H. and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

C.  THE MANNER AND MEANS OF THE CONSPIRACY

20. The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

(a) Defendants BELL and JEMISON, and others known and unknown to the Grand Jury, would obtain without authorization lists of current Mesa employees, which included, among other things, the names, dates of hire, and Mesa employee identification numbers for the employees ("Mesa employee lists").

(b) Others known and unknown to the Grand Jury would obtain without authorization the unique verification code needed to book non-revenue tickets on the Spirit Web Portal.

(c) Defendants BELL and JEMISION, co-conspirator D.H., and others known and unknown to the Grand Jury, would sell or otherwise provide to others who were not entitled to travel on non-revenue tickets (the "fraudulent travelers"), the dates of hire and Mesa employee identification numbers of the Mesa employees included on the Mesa employee lists, as well as the verification code. Using this information, the fraudulent travelers would book non-revenue tickets for Spirit flights through the Spirit Web Portal.

(d) Defendants BELL and JEMISON, co-conspirator D.H., and others known and unknown to the Grand Jury, would make reservations on the Spirit Web Portal on behalf of themselves and other fraudulent travelers for non-revenue tickets for Spirit flights using Mesa identification numbers, dates of hire, and a verification code. After his termination from Mesa, defendant BELL would continue to fraudulently use his employee identification number and date of hire to book non-revenue tickets for himself on Spirit flights.

(e) Defendants BELL and JEMISON, and others known and unknown to the Grand Jury, would manufacture fraudulent Mesa employee identification cards for use by the fraudulent travelers to board flights. These identification cards would purport to identify the fraudulent traveler as a Mesa employee and contain the employee identification number and date of hire of a true Mesa employee.

(f) The fraudulent travelers, including but not limited to defendants BELL, JEMISON, and LLOYD, and co-conspirator D.H., would fly on Spirit flights using the non-revenue tickets booked through the Spirit Web Portal.

(g) As was reasonably foreseeable to defendants BELL, JEMISON, and LLOYD, co-conspirator D.H. and their co-conspirators, interstate wires were routinely used to communicate flight and other information from and to defendants BELL, JEMISON, and LLOYD, co-conspirator D.H., and their co-conspirators, and also from and to defendants BELL, JEMISON, and LLOYD, co-conspirator D.H., their co-conspirators, and Mesa and Spirit.

D. OVERT ACTS

21. On or about the following dates, in furtherance of the conspiracy, and to accomplish its object, defendants BELL, JEMISON,

and LLOYD, as well as co-conspirator D.H. and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California, and elsewhere:

Overt Act No. 1: On or about March 10, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from FLL to MGA.

Overt Act No. 2: On or about March 10, 2016, defendant BELL fraudulently booked a non-revenue ticket for a flight from IAH to MGA for O.A.

Overt Act No. 3: On or about May 4, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from IAH to LAX.

Overt Act No. 4: On or about May 4, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to MSP.

Overt Act No. 5: On or before May 19, 2016, defendant BELL fraudulently booked a non-revenue ticket for a flight for A.F.

Overt Act No. 6: On or about June 2, 2016, a co-conspirator emailed defendant BELL employee lists containing employee information for Mesa employees based in Dallas, Texas, and Houston, Texas.

Overt Act No. 7: On or about August 28, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to IAH.

Overt Act No. 8: On or about September 19, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from IAH to LAX.

Overt Act No. 9: On or about October 1, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to IAH.

Overt Act No. 10: On or about October 10, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to IAH.

Overt Act No. 11: On or about October 15, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to IAH.

Overt Act No. 12: On or about November 10, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to IAH.

Overt Act No. 13: On or before November 21, 2016, co-conspirator D.H. fraudulently booked non-revenue tickets for flights for A.R from IAH to LAX and LAX to IAH.

Overt Act No. 14: On or about November 26, 2016, co-conspirator D.H. used a fraudulently obtained non-revenue ticket to fly from LAX to ATL.

Overt Act No. 15: On or about November 28, 2016, co-conspirator D.H. used a fraudulently obtained non-revenue ticket to fly from ATL to LAX.

Overt Act No. 16: On or about December 8, 2016, co-conspirator D.H. used a fraudulently obtained non-revenue ticket to fly from LAX to LGA.

Overt Act No. 17: On or before December 8, 2016, co-conspirator D.H. fraudulently booked a non-revenue ticket for a flight from BWI to LAX for E.M.

Overt Act No. 18: On or about December 18, 2016, co-conspirator D.H. used a fraudulently obtained non-revenue ticket to fly from LAX to ATL.

    <u>Overt Act No. 19</u>:   On or about December 20, 2016, defendant BELL used a fraudulently obtained non-revenue ticket to fly from LAX to IAH.

    <u>Overt Act No. 20</u>:   On or about January 21, 2017, defendant JEMISON used a fraudulently obtained non-revenue ticket to fly from IAH to EWR.

    <u>Overt Act No. 21</u>:   On or about January 25, 2017, defendant JEMISON used a fraudulently obtained non-revenue ticket to fly from EWR to IAH.

    <u>Overt Act No. 22</u>:   On or about February 6, 2017, defendant BELL emailed a co-conspirator a copy of defendant BELL's expired Mesa employee identification card.

    <u>Overt Act No. 23</u>:   On or about February 10, 2017, defendant JEMISON used a fraudulently obtained non-revenue ticket to fly from IAH to LAX.

    <u>Overt Act No. 24</u>:   On or about February 24, 2017, defendant BELL used the internet to purchase a plastic identification card printer.

    <u>Overt Act No. 25</u>:   On or about February 28, 2017, an unidentified co-conspirator emailed defendant BELL a blank Mesa employee identification card template.

    <u>Overt Act No. 26</u>:   On or about March 13, 2017, a co-conspirator emailed defendant BELL a blank Mesa employee identification card template.

    <u>Overt Act No. 27</u>:   On or about March 15, 2017, defendant JEMISON emailed herself a photo of a Mesa employee identification card.

  Overt Act No. 28: On or about March 16, 2017, defendant JEMISON emailed a co-conspirator Mesa employee identification card templates and photographs of other co-conspirators.

  Overt Act No. 29: On or about March 16, 2017, at approximately 5:51 p.m., defendant JEMISON emailed defendant BELL a Mesa employee identification card template.

  Overt Act No. 30: On or about March 16, 2017, at approximately 6:48 p.m., defendant JEMISON emailed defendant BELL a Mesa employee identification card template containing a photograph of a co-conspirator.

  Overt Act No. 31: On or about April 3, 2017, defendant BELL used the internet to purchase plastic identification card stock.

  Overt Act No. 32: On or about April 29, 2017, defendant LLOYD used a fraudulently obtained non-revenue ticket to fly from IAH to FLL.

  Overt Act No. 33: On or about May 1, 2017, defendant LLOYD used a fraudulently obtained non-revenue ticket to fly from FLL to IAH.

  Overt Act No. 34: On or about May 5, 2017, defendant LLOYD used a fraudulently obtained non-revenue ticket to fly from IAH to LAX.

  Overt Act No. 35: On or about May 6, 2017, defendant LLOYD possessed, and attempted to use, a fraudulent Mesa employee identification in order to board a Spirit flight using a fraudulently obtained non-revenue ticket from LAX to IAH.

  Overt Act No. 36: On or about May 17, 2017, defendant BELL possessed an index card containing the names, dates of hire, and employee numbers of Mesa employees.

## COUNT TWO

[18 U.S.C. § 1028(f)]

22. The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 18, 20 and 21 of this Indictment as though fully set forth herein.

A. OBJECT OF THE CONSPIRACY

23. Beginning on a date unknown but at least as early as February 2016, and continuing until a date unknown but at least as late as in or about November 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants BELL, JEMISON, and LLOYD, together with others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(1)(D).

B. THE MANNER AND MEANS OF THE CONSPIRACY

24. The means by which the object of the conspiracy was to be accomplished are set forth in paragraph 20 of the Indictment and are incorporated by reference as if fully set forth herein.

C. OVERT ACTS

25. In furtherance of the conspiracy and to accomplish its object, defendants BELL, JEMISON, and LLOYD, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit, within the Central District of California and

elsewhere, Overt Acts 1 through 36 of Count One of this Indictment, which are hereby repeated, re-alleged, and incorporated by reference as if fully set forth herein.

## COUNT THREE

[18 U.S.C. § 1028(a)(7)]

26. The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 18, 20 and 21 of this Indictment as though fully set forth herein.

27. On or about February 10, 2017, in Los Angeles County, within the Central District of California, and elsewhere defendant JEMISON knowingly transferred, possessed and used, without lawful authority, the means of identification of another person, namely, the employee number and date of hire of Mesa Airlines employee B.E., with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, with said transfer, possession and use affecting interstate and foreign commerce.

COUNT FOUR

[18 U.S.C. § 1028(a)(7)]

28. The Grand Jury repeats, re-alleges, and incorporates by reference paragraphs 1 through 18, 20 and 21 of this Indictment as though fully set forth herein.

29. On or about May 6, 2017, in Los Angeles County, within the Central District of California, and elsewhere defendant LLOYD knowingly transferred, possessed and used, without lawful authority, the means of identification of another person, namely, the employee number and date of hire of Mesa Airlines employee L.C., with the intent to commit, to aid and abet the commission of, and in connection with the commission of, a violation of Federal law, namely, Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, with said transfer, possession and use affecting interstate and foreign commerce.

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

30. On or about February 10, 2017, in Los Angeles County, within the Central District of California, defendant KAMILLE JEMISON, also known as "Camille Jemison" ("JEMISON"), together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant JEMISON knew belonged to another person, that is, the employee number and date of hire of Mesa Airlines employee B.E., during and in relation to the offense of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

COUNT SIX

[18 U.S.C. § 1028A(a)(1)]

31. On or about May 6, 2017, in Los Angeles County, within the Central District of California, defendant ALPHONSO LLOYD ("LLOYD"), together with others known and unknown to the Grand Jury, knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant LLOYD knew belonged to another person,

//
//

that is, the employee number and date of hire of Mesa Airlines employee L.C., during and in relation to the offense of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

[signature]

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JUSTIN RHOADES
Assistant United States Attorney
Chief, Violent & Organized Crime Section

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

JILL T. FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JOSEPH D. AXELRAD
Assistant United States Attorney
Violent & Organized Crime Section

POONAM G. KUMAR
Assistant United States Attorney
Major Frauds Section